IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:25-MJ-173 |
| | ) | |
| JACKSON E. FLEMING | ) | |
| | ) | |

**RESPONSE TO UNITED STATES' BAIL REFORM ACT BRIEF**

Jackson Fleming, by and through his attorney Bedi & Singer, LLP and submits this response to the government's Bail Reform Act Brief, (Dkt. 12) which argues a detention hearing be held pursuant to 18 U.S.C. § 3142(f)(2)(B) and (f)(1). Neither is an appropriate basis to seek detention, and therefore, a detention hearing should not be held. Mr. Fleming should be released immediately.

### I. THE GOVERNMENT HAS NOT ALLEGED A VALID BASIS TO DETAIN

When the government requests detention at an initial appearance, the court must determine if there is a permissible statutory basis for detention under 18 U.S.C. § 3142(f). *United States v. Friedman*, 837 F.2d 48 (2nd Cir. 1988). Courts have held "[i]f none of the factors in either § 3142(f)(1) or (f)(2) are met, then the defendant may not be detained. *United States v. Morgan*, 2014 WL 3375028, at *14 (C.D. Ill. July 9, 2014). The government has not alleged a legal basis for a detention hearing under (f)(2)(B) or (f)(1), as they have presented no evidence that Mr. Fleming poses a "serious risk" to obstruct justice or intimidate a witness and 18 U.S.C. § 875(c) is not a "crime of violence" under the Bail Reform Act. Therefore, a detention hearing should not be held and Mr. Fleming must be immediately released from custody.

**A. The Government has not proffered adequate evidence to show a "serious risk" to obstruct or intimidate witness**

The government cannot and has not presented any evidence that Mr. Fleming is a serious risk to obstruct or intimidate witnesses. Section 3142(f)(2)(B) permits a detention hearing only

1

when there is a "a **serious risk** that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror." 18 U.S.C. § 3142(f)(2)(B) (emphasis added). The government bears the burden of presenting evidence to substantiate its allegation that a defendant poses a "serious risk" to obstruct or intimidate a witness. *United States v. Mackey*, 2025 WL 1952088 (C.D. Ill. July 16, 2025) ("If the government fails to establish that … the case involves what is set forth in (f)(2), a defendant may not be detained—full stop.") At this stage, the government has alleged no evidence to support that Mr. Fleming poses a serious risk of obstruction to the investigation or to threaten a witness. This court cannot hold a detention hearing under (f)(2)(B), as the record and the government's filing do not establish that a "serious risk" of obstruction has been met.

      The government's arguments are, in summary, baseless assertions not grounded in any actual facts or evidence presented regarding Mr. Fleming's specific history and characteristics. *United States v. Mackey*, 2025 WL 1952088 (C.D. Ill. July 16, 2025) (finding government's proffer that defendant "threatened a witness" with no evidence to support, was not sufficient to show his release would pose a serious risk to obstruct justice or intimidate a witness). The government argues Mr. Fleming poses a risk of obstruction because the investigation is ongoing, he knows who the witnesses are, and the evidence in this case is electronic and can therefore be deleted. These three allegations do not establish even a prima facie finding that Mr. Fleming poses a serious risk of obstruction. These allegations are common baseline facts of almost every case that comes before every court, and hardly reflect a serious risk of obstruction.

      First, the investigation is ongoing. While this may be true, it does not reflect that Mr. Fleming poses any explicit risk of interfering with the government's investigation. Government investigations are routinely ongoing after a defendant is arrested. The government cannot point to

2

any authority which stands for the proposition that "an ongoing investigation" is a basis to detain a defendant. The government's assertions do not reflect any specific risk as to Mr. Fleming. If ongoing or continued investigations alone justified detention, virtually every federal defendant would be held without bail—a result which would render pretrial release meaningless.

Second, the government states Mr. Fleming "will have the advantage over the investigators as to whom may be able to corroborate his postings of the charged threat," seemingly arguing Mr. Fleming knows the identity of potential witnesses. (Dkt. 12 at 3). So what? Defendants routinely know the witnesses in their cases. Knowledge of the identity of witnesses does not establish that Mr. Fleming poses any specific obstruction risk. The government alleges Mr. Fleming could therefore threaten a potential witness; yet this allegation is not grounded in any specific evidence outside a recitation of the charged conduct. There is no evidence of any additional threats or comments to any individual involved in this case.

The government argues that, because there was a threat made in this case that Mr. Fleming poses a risk to threaten witnesses. If this was the standard for serious risk of obstruction, every individual charged with 875(c) would be detained pending trial. This is a circular argument put forth by the government, that the charge itself necessitates detention. Their argument does not allege any specific characteristics or evidence that Mr. Fleming's release would pose a serious risk of obstruction of the investigation or intimidation of a witness.

Furthermore, the government argues because the evidence in this case is electronic, Mr. Fleming is a serious risk to obstruct justice. The use of electronic devices and the internet is absolutely ubiquitous in today's society. There is hardly a charge or crime that passes through the criminal justice system that does not have some sort of electronic evidence (which is subject to deletion). With absolutely no evidence presented in its filing that Mr. Fleming has ever taken any

3

steps to delete evidence of the charged crime, the fact that this case involves electronic evidence does not indicate that Mr. Fleming himself poses a serious risk of obstruction.

The cases the government cites are cases where there was detailed and specific evidence presented that the defendant took obstructive actions. (Dkt. 12 at 2-3). The government can allege none of those acts here. While the government alleges they will proffer a "fact-specific analysis," at this stage, they have not alleged even one specific fact tied to Mr. Fleming himself that reflects a "serious risk" of obstruction would occur if Mr. Fleming was released. There is an ordinary risk of obstruction in every single case that comes before a federal court for a detention hearing, but a detention hearing can only be held if the government's proffer reflects a serious risk of obstruction. The government can not support its allegation of a serious risk of obstruction.

### B. 18 U.S.C. § 875(c) is not a "crime of violence" under the BRA

18 U.S.C. 3142(f)(1) allows the government to seek detention of an individual who is charged with a "crime of violence." The government argues 18 U.S.C. 875(c) is a crime of violence because it "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 3156(a)(4)(B). The government argues in 875(c) cases, "even if such threats are not actually carried out in every case, they at least present a substantial risk of violence against the pertinent victims" and "making a true threat involves a substantial risk of violence. "(Dkt. 12 at 5).

The government argues to determine what constitutes a crime of violence under (f)(1) the court must look at the elements, and "how the "ordinary case" of the crime plays out." (Dkt. 12 at 4). The government cites *United States v. Watkins* to support this assertion, a Second Circuit case that applied the categorical approach to determine whether possession of a firearm constitutes a crime of violence under 18 U.S.C. § 3142(f). Even before *Watkins*, the Supreme Court discussed the untenability of determining a "crime of violence" by looking at the "ordinary case." *Johnson v.*

4

*United States*, 576 U.S. 591, 597 (2015) ("How does one go about deciding what kind of conduct the "ordinary case" of a crime involves? "A statistical analysis of the state reporter? A survey? Expert evidence? Google? Gut instinct?""). In cases wherein the categorical approach has been applied, the Supreme Court has not analyzed the "ordinary case." *United States v. Taylor*, 596 U.S. 845 (2022). The defense urges this Court to follow suit.

The elements of 18 U.S.C. § 875(c) do not involve the substantial risk of physical force. While making a "true threat" is an element, the true threat jury instruction details that "[t]he government does not have to prove that the defendant actually intended to carry out the threat, or even that the defendant had the capacity to do so." 7th Cir. Pattern Jury Instr. Definition of True Threat (page 333). Therefore, even if there is a true threat, it does not mean there is any risk of violence at all. A substantial risk of violence to the victim is not an element of 875(c) and is irrelevant to a finding of guilt or innocence in an 875(c) case. The elements of 875(c) do not reflect that there is a substantial risk of physical force inherent in the crime.

The government also argues 875(c) is a crime of violence as "there is also a risk that such threats will be met with the use of force to property … or the use of force against another's person." (Dkt. 12 at 5). Under 18 U.S.C. § 3156(a)(4)(B), an offense is a crime of violence if it "involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The offense of 875(c) is completed once a threat is transmitted. The responses of other individuals after the offense are not elements of the crime and should not be considered to determine if this offense is a "crime of violence." This court cannot find that 875(c) is a crime of violence, and therefore, a detention hearing cannot be held on the basis that Mr. Fleming is charged with a crime of violence under § 3142(f)(1).

Therefore, this court should order the immediate release of Mr. Fleming.

Respectfully Submitted,

By: <u>s/ Jonathan S. Bedi</u>
Jonathan S. Bedi
Bedi & Singer, LLP
53 West Jackson Blvd, Suite 1101
Chicago, IL 60604
Phone: (312) 525-2017
jbedi@bedisinger.com
**Attorney for Defendant**

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that the foregoing document was filed via the Court's ECF system.

                                        By: s/ Jonathan S. Bedi
                                        Jonathan S. Bedi
                                        Bedi & Singer, LLP
                                        53 West Jackson Blvd, Suite 1101
                                        Chicago, IL 60604
                                        Phone: (312) 525-2017
                                        jbedi@bedisinger.com
                                        **Attorney for Defendant**