# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:25-mj-173-AZ |
| | ) | |
| JACKSON ELLIOT FLEMING, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court on Defendant's Motion for Disclosure [DE 11], filed by Defendant Jackson Elliot Fleming on September 17, 2025. Defendant is charged with making a threat in interstate commerce in violation of 18 U.S.C. § 875(c). The matter is scheduled for a preliminary hearing and detention hearing on **September 22, 2025** at **1:00 p.m. (Central)**. Defendant has asked the Court to order the Government to tender to him all discovery it will rely on at the hearing in advance of the hearing, citing Federal Rules of Criminal Procedure 26.2, 5.1 and 46.

Fed. R. Crim. P. 26.2(a) states "After a witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government or the defendant and the defendant's attorney to produce, for the examination and use of the moving party, any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." Fed. R. Crim. P. 26.2(g)(1) applies this rule to preliminary hearings and detention hearings. *See* Fed. R. Crim. P. 5.1(h), 46(j).

Defendant's motion is arguably premature. By the clear text of the rule, this

requirement does not apply until after a witness testifies. Further, neither the Court nor Defendant yet know what information or witnesses the Government intends to rely on at the hearing. Nevertheless, the Court will use this as an opportunity to explain its expectations regarding the hearing, since judges' practices vary widely on these proceedings.

The Court will proceed first with the preliminary hearing (if probable cause remains contested) and then the detention hearing. The parties will be given the opportunity to present facts during both hearings. For the preliminary hearing, the Government has the burden of establishing probable cause for the alleged criminal violation and is required to present evidence sufficient to meet this burden. The Government may rely upon the complaint affidavit, provided that it makes available for cross-examination either the agent who swore upon the affidavit or an agent who is familiar with the contents of the affidavit and is competent to swear to the same. *See* Fed. R. Evi. 1101(d)(3) (hearsay is permitted at preliminary hearings). If the Government intends to rely on facts outside the four corners of the complaint affidavit, it must do so through a witness. Defendant is permitted to present evidence consistent with Fed. R. Crim. P. 5.1(e). Cross-examination will be limited solely to whether probably cause exists that the charged crime was committed and whether Defendant committed that crime. The Court will not permit or tolerate attempts to use cross-examination to exceed the purpose of the preliminary hearing.

If probable cause is found, the hearing will proceed to the issue of detention or release. The Court will first make its findings on whether the Government is permitted

to seek a detention hearing under 18 U.S.C. § 3142(f)(1) and/or 18 U.S.C. § 3142(f)(2). If the Court finds that the Government may seek detention, the Court will permit the parties to present any additional evidence not already presented by proffer, with one exception: If the Government intends to present any additional facts regarding the nature and circumstances of the offense not contained in the Complaint affidavit or presented at the probable cause hearing, it must make a witness available for cross-examination as to those facts.

For the sake of judicial economy and to avoid delays or continuations in the proceedings, the Court hereby **ORDERS** the Government to provide copies of any exhibits it intends to use and any Rule 26.2 material to the defense by **September 22, 2025,** at **10:00 a.m. (Central)**.

Accordingly, for the reasons stated above, the Court hereby **GRANTS in part** Defendant's Motion for Disclosure [DE 11] consistent with this order.

SO ORDERED this 19th day of September 2025.

/s/ *Abizer Zanzi*
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT